## CIRCUIT COURT OF BOTETOURT COUNTY

Michael Allen Waldron et al.

v.

Commercial Credit Corporation

January 24, 1974

By JUDGE ROSCOE B. STEPHENSON, JR.

This is a proceeding (which originated in the District Court and is here for a trial *de novo* on appeal) whereby plaintiffs, Michael Allen Waldron and Verna Waldron, seek to reopen and set aside a judgment rendered by the District Court (it was then the County Court) on March 29, 1972, in the case of *Commercial Credit Corporation* v. *Verna Waldron* (File No. 445). Jurisdiction for this proceeding was conferred by what is known as the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U.S.C. App. 501, *et seq*), hereinafter referred to as "the Act."

Plaintiffs contend that the judgment rendered March 29, 1972, should be set aside because, in rendering judgment, the court failed to give to Michael Allen Waldron, who was then in the Armed Forces of the United States of America, and to Verna Waldron, the protection which, the plaintiffs say, the Act afforded them. They further contend that their rights were thereby prejudiced and that the court should compensate them for damages which they allegedly sustained.

The evidence established the following facts.

On January 31, 1970, Michael Waldron purchased a 1968 Ford Torino automobile from Buchanan Motor Company for $2,100.00. He made a cash down payment of $455.00 and agreed to pay the balance (as well as certain insurance and finance charges) over a period of 24 months in monthly installments of $91.17. Because Michael was not *sui juris* at the time of purchase (being an infant), his mother,

Verna Waldron, also executed the purchase contract. The seller retained a lien on the automobile, and the contract of sale and the lien were thereafter assigned by the seller to the defendant. On February 24, 1971, Michael was inducted into the Armed Forces of the United States. In April of 1971 Michael wrote defendant a letter (Exhibit 1) in which he stated that since he had been inducted into the military service his income had substantially decreased and he was unable to make the payments as originally agreed. He proposed to pay instead the sum of $45.00 per month. The letter further stated that he understood that he had the right to resort to the Soldiers' and Sailors' Civil Relief Act and ask a court to reduce the payments, but he had no desire to do so if the parties could reach an agreement respecting a reduction of the monthly payments. In July of 1971, Michael, who was then *sui juris*, and the defendant agreed to modify and extend the original contract to the end that the balance owing at that time (to wit $991.44) would be paid in 24 monthly installments of $41.31 each. (See Exhibit 2). Following the execution of the new agreement, Michael was stationed in Germany. Because of various other obligations, Michael defaulted in his payments. Defendant sent letters to both Michael and his mother advising them that the contract was in default and that action would be taken if payment was not made. There was no evidence that either plaintiff ever made any effort to get in contact with defendant again. Meanwhile the automobile was in the possession of his mother, and the defendant finally instituted a detinue suit in the Botetourt County Court for possession of the automobile. Before filing suit the defendant advised the Court that Michael was in the military service. The Court gave judgment in favor of defendant and against Verna Waldron for possession of the automobile. Defendant, upon taking possession of the automobile, endeavored to notify both Michael and Verna to the effect that unless the car was redeemed it would be sold. When both plaintiffs failed to respond, the car was sold. Michael was discharged from the military service on February 16, 1973, and this suit was filed on May 16, 1973.

I am of the opinion that neither of the plaintiffs should prevail in this proceeding.

Regarding Verna Waldron, it is quite clear that she has not been damaged or prejudiced. She was sued solely because she had the possession of the automobile. No

attempt was made by the defendant to hold her responsible for the debt, and, even if there had been such an attempt, protection afforded a person occupying her status is purely discretionary with the Court under the provisions of § 513 of the Act.

Michael Waldron's case is no better. After he entered the military service, he and the defendant (at Michael's request) made a new and supplemental agreement respecting payment. Section 517 expressly provides that the other provisions of the Act (including §§ 520 and 531 relied upon by Michael) shall not apply to the modification of a contract or to the repossession and sale of property which is security for an obligation pursuant to a written agreement of the parties, or their assigns, executed during or after the period of military service.

Moreover, in the absence of the provisions of Section 517, Michael would have no right to the relief sought. The evidence failed to establish that Michael "has a meritorious or legal defense to the action" as required by § 520(4) of the Act.

Even if Michael's rights had been abridged (and I find that they were not), the evidence failed to show that he sustained any resulting damages.

For the reasons herein stated I find in favor of the defendant.